IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**J&J SPORTS PRODUCTION, INC.,**

    **Plaintiff**

v.            CIVIL NO. JFM-16-2389

**MARGARITA DEL ROSARIO**
*t/a* **El Deportivo Sports Bar,**

    **Defendant**

## MEMORANDUM AND ORDER

Plaintiff filed this suit against Defendant and claimed that Defendant had violated Plaintiff's legal rights as the exclusive commercial distributor of a televised fight program. (Compl., ECF No. 1.) Although served, Defendant failed to answer, and the Clerk entered a default against her. (ECF Nos. 6–8.) Thereafter, upon Plaintiff's motion, a default judgment was entered on November 21, 2016, against Defendant in the amount of $15,000. (ECF Nos. 9–11.) The default judgment terminated the case.

Newly filed in the case is Plaintiff's Notice of Voluntary Dismissal (Pursuant to Rule 41(a)(1)(A)(i) F.R.C.P.), which relies upon the absence of service by Defendant upon Plaintiff of either an answer or motion for summary judgment. (Notice, ECF No. 12.) Ordinarily, such a notice dismisses a case through the operation of law. However, this case is no longer in its early stages. Instead, it proceeded to judgment in Plaintiff's favor upon Plaintiff's motion requesting such. Thus, the present filing is a bit odd, procedurally speaking; it is also odd because it is made by the Plaintiff but has the intended effect of granting relief to Defendant.

Having examined the Plaintiff's filing more closely, the Court notes that Plaintiff states that "this matter has been paid, settled and satisfied." (Notice 1.) Consequently, upon consideration of Federal Rules of Civil Procedure 55(c) and 60(b)(5), the Court concludes that the default judgment should be set aside because Defendant has satisfied the judgment. Once the judgment is set aside, then the case may be voluntarily dismissed upon Plaintiff's motion pursuant to Rule 41(a)(2). However, dismissal without prejudice to the Plaintiff's ability to refile this case would be extremely prejudicial to the Defendant since Plaintiff has clearly stated Defendant has satisfied the judgment against her, and it would be unjust for Plaintiff to file a second suit regarding the same allegedly wrongful conduct.

As a result, the Court construes Plaintiff's filing as a motion under Rule 55(c) to vacate the default judgment and as a motion under Rule 41(a)(2) to dismiss the case voluntarily. So construed, the motion (ECF No. 12) IS GRANTED. Further, the judgment against Defendant IS VACATED, and the case IS DISMISSED WITH PREJUDICE.

DATED this 2 day of April, 2018.

BY THE COURT:

James K. Bredar
Chief Judge